**SO ORDERED.**

**SIGNED this 26 day of September, 2011.**



*Dale L. Somers*
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Designated for on-line use but not print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** | |
| JOHN WILLIAM KARR, | CASE NO. 09-20008 |
| DEBTOR. | CHAPTER 7 |
| OLD UNITED CASUALTY COMPANY AND MPP CO., INC., | |
| PLAINTIFFS, | |
| v. | ADV. NO. 09-6027 |
| JOHN WILLIAM KARR, | |
| DEFENDANT. | |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFFS' AMENDED MOTION FOR SUMMARY JUDGMENT**

The matter before the Court is Plaintiffs' Amended Motion for Summary Judgment

(hereafter "Motion") on their Amended Complaint for Determination of Dischargeability

of Debt filed against Debtor John William Karr (hereafter "Debtor" or "Karr"). Plaintiffs Old United Casualty Company (hereafter "OUC") and MPP Co, Inc. (hereafter "MPP"), appear by Fred J. Logan, Jr., and Thomas R. Pickert of Logan, Logan & Watson, L.C. Karr has not responded to the Motion.[1] The Court has jurisdiction.[2]

**RELIEF SOUGHT.**

The Motion seeks summary judgment on Count VIII (denial of discharge pursuant to 11 U.S.C. § 727(a)(7) and (a)(2)(A)), Count IX (denial of discharge pursuant to § 727(a)(5)), and Count VI (declaration a corporation was Karr's alter ego and a piercing of its corporate veil). The Motion is therefore in fact a motion for partial summary judgment, since it does not address Count I (willful and malicious injury to Plaintiffs), Count II (embezzlement), Count III (defalcation of insurance premiums), Count IV (fraud), Count V (fraudulent transfers), or Count VII (defalcation while acting in a fiduciary capacity) of the amended complaint. There has been no judgment on any of these counts, and no adjudication that Plaintiffs, or either of them, have allowed claims against Karr.

---

[1] Plaintiffs' first motion for summary judgment (dkt. 34) was filed before the filing of their Amended Complaint for Determination of Dischargeability of Debt. (Dkt. 59). Karr, through counsel, did oppose that motion. Dkt. 44.

[2] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to § 157(b)(2)(B) and (J). There is no objection to venue or jurisdiction over the parties.

**BACKGROUND FACTS.**

Prepetition, Debtor was the president, sole shareholder, sole director, and only officer for Alexico Corporation (hereafter "Alexico"). Alexico operated a program called "Theft-Gard." Theft-Gard was offered through automobile dealers to purchasers of automobiles. If a purchaser bought the product, a unique registration number was etched onto the vehicle in various places so that it could be identified in the event it was recovered after a theft. If the purchaser's vehicle was not recovered within 30 days of a theft, the Theft-Gard Program paid benefits according to its terms. OUC issued to Alexico insurance policies which indemnified Alexico for any losses resulting from claims under the Theft-Gard Program. MPP and Alexico entered into a commission agreement to facilitate sales of the Theft-Gard Program. MPP and Alexico also entered into an agreement for consulting services. Plaintiffs allege that prepetition, Karr, as the person controlling Alexico, rather than remitting funds to Plaintiffs owed to them under the foregoing arrangements, used the funds for his own purposes.

**DENIAL OF DISCHARGE UNDER § 727(a).**

As stated above, Plaintiffs seek summary judgment on their claims that Karr should be denied a discharge pursuant to § 727(a). In support of the Motion as to these claims, Plaintiffs rely upon the Court's judgment in another adversary proceeding in this case, *Redmond v. Karr*.[3] In that proceeding the Court denied Karr's discharge under

---

[3] Adv. No. 09-6055.

§ 727(a)(7) and (a)(2)(A), based upon Karr's misconduct in connection with the bankruptcy of Alexico, and under § 727(a)(5), based upon Karr's failure to satisfactorily explain his loss of assets.[4] The order denying discharge, filed on January 19, 2011, was certified as a final judgment, and no notice of appeal has been filed. Plaintiffs argue that they are entitled to summary judgment based upon res judicata principles.

The Court finds the Motion as to these § 727 claims curious. Section 727 addresses the circumstances where the Court shall not grant a debtor a discharge. The entry of judgment on the § 727(a) claims in *Redmond v. Karr* is therefore a ruling barring the discharge of the claims of all the Debtor's creditors, including Plaintiffs. A separate judgment on the same Code sections in this adversary would do nothing to change the dischargeability of any claims which Plaintiffs may have against Karr. Plaintiffs' Motion for summary judgment on Counts VIII and IX is therefore denied.

**ALTER EGO DECLARATION AND PIERCING OF THE CORPORATE VEIL.**

Plaintiffs also move for summary judgment on Count VI, which seeks a declaration that Alexico was the alter ego of Karr and that Alexico's status as a corporate entity will be disregarded. Under Kansas law, "[t]he doctrine of alter ego is used to impose liability on the individual who uses a corporation merely as an instrumentality to conduct his own business. Such liability arises from fraud or injustice perpetrated . . . on

---

[4] *Redmond v. Karr (In re Karr)*, 442 B.R. 785 (Bankr. D. Kan. 2011).

third persons dealing with the corporation."[5]  "[P]ower to pierce the corporate veil is to be exercised reluctantly and cautiously,"[6] with each case resting on its unique facts.  "Mere single ownership of a corporation may tend to generate suspicion . . . but single ownership alone will not support the alter ego theory and justify a disregard of the corporate entity."[7]  The Kansas Supreme Court has identified the following factors for consideration:

> An examination of the cases discloses that some of the factors considered significant in justifying a disregard of the corporate entity are:  (1) Undercapitalization of a one-man corporation, (2) failure to observe corporate formalities, (3) nonpayment of dividends, (4) siphoning of corporate funds by the dominant shareholder, (5) nonfunctioning of other officers or directors, (6) absence of corporate records, (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders, and (8) the use of the corporate entity in promoting injustice or fraud.[8]

A court may grant summary judgment only "if the pleadings, the discovery and disclosures on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[9]  Considering the foregoing standards for piercing the corporate veil under the prism of the rule for granting summary judgment, the Court finds that the Motion must be denied.

---

[5] *Sampson v. Hunt*, 233 Kan. 572, 579, 665 P.2d 743, 751 (1983).

[6] *Id*.

[7] *Amoco Chemicals Corp. v. Bach*, 222 Kan. 589, 594, 567 P.2d 1337, 1341 (1977).

[8] *Id.*, 222 Kan. at 594, 567 P.2d at 1341-42.

[9] Fed. R. Civil P. 56(c)(2), made applicable by Fed. R. Bankr. P. 7056.

Plaintiffs have failed to provide any uncontroverted facts in support of the alter ego theory, except for the element of siphoning of corporate funds by Karr.  There are no facts regarding capitalization of Alexico, corporate formalities, payment of dividends, absence of corporate records, use of Alexico as a facade for Karr's business operations, or use of the corporate entity to promote injustice.  The statement of uncontroverted facts evidence the misappropriation of corporate assets and the failure to pay Plaintiffs.  Although these acts may give rise to personal liability of Karr to Plaintiffs, they are insufficient for piercing the corporate veil.  The Court therefore denies Plaintiffs' Motion for summary judgment on Count VI, alter ego declaration and piercing of the corporate veil.

**CONCLUSION.**

The Court denies the Amended Motion for Summary Judgment.  The Court denies  summary judgment as to Counts VIII and IX, which are objections to discharge under § 727(a), for the reason that the Court has previously denied Karr a discharge under the same code sections in another adversary proceeding in this bankruptcy case.  As to Count VI, seeking a determination that Alexico was the alter ego of Karr, Plaintiffs have failed to show that under the uncontroverted facts, they are entitled to judgment as a matter of law.

**IT IS SO ORDERED.**

*###*